**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-60901-MIDDLEBROOKS/AUGUSTIN-BIRCH**

**JORGE PILOTO-RODRIGUEZ,**

     **Petitioner,**

**v.**

**WARDEN BROWARD TRANSITIONAL CENTER,** *et al.*,

     **Respondents.**

_____/

**REPORT AND RECOMMENDATION ON**
**PETITIONER'S EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner Jorge Piloto-Rodriguez's Emergency Petition for Writ of Habeas Corpus. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Emergency Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 4. The Court ordered Respondents to show cause why Petitioner's Emergency Petition should not be granted, and Respondents filed a response to the Court's Order to show cause. DE 6. Having carefully considered the briefing and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART** Petitioner's Emergency Petition [DE 1] and ordering Respondents to either afford Petitioner an individualized bond hearing before an immigration judge within seven days or release him.

### I. Background

Petitioner is a native and citizen of Cuba who entered the United States around April 2, 2022. DE 1 ¶ 7. At that time, Petitioner was charged by a Notice to Appear as "an alien present in the United States who has not been admitted or paroled," and removal proceedings began. DE 6-2. From the record before this Court, it appears that Petitioner was not taken into custody after

entering the United States and instead was first arrested and taken into custody on May 27, 2025. DE 6-1. On that same day, the Department of Homeland Security ("DHS") moved to dismiss Petitioner's removal proceedings, and an immigration judge granted the motion to dismiss. DE 6-3.

Immediately thereafter, DHS placed Petitioner into expedited removal proceedings and ordered him removed. DE 6-4. But later, after Petitioner demonstrated a credible fear of persecution or torture, DHS vacated the expedited removal order and placed Petitioner into standard removal proceedings on June 13, 2025, charging him via a Notice to Appear as "an alien present in the United States who has not been admitted or paroled." DE 6-8. Petitioner subsequently moved for a bond, and an immigration judge denied his request, concluding that there was no jurisdiction to grant bond. DE 6-10. On February 3, 2026, an immigration judge found Petitioner inadmissible and ordered him removed to Ecuador. DE 6-11. Petitioner has since appealed that order, DE 6-12, and has now filed the present Emergency Petition. DE 1. Therein, Petitioner seeks the following relief: (1) a temporary restraining order prohibiting Respondents from removing him from the United States pending resolution of his Emergency Petition and appeal; (2) a writ of habeas corpus declaring his continued detention and removal unlawful and enjoining Respondents from removing him until his appeal is resolved; and (3) in the alternative, an order requiring his immediate release from custody. *Id.*

## II. Analysis

In response to Petitioner's Emergency Petition, Respondents raise several arguments. They first argue that the Court lacks jurisdiction to review their decision to place Petitioner into expedited removal proceedings and to hear Petitioner's challenges to his detention. DE 6 at 4–8. Specifically, they maintain that Petitioner's "detention arises from [the] decision to issue an expedited removal order." *Id.* at 7. However, as explained above, DHS vacated the expedited

removal order and issued a Notice to Appear for Petitioner. DE 6-8. Nonetheless, Respondents maintain, without citing any authority, that the fact that they initiated new removal proceedings does not mean Petitioner is no longer subject to detention under 8 U.S.C. § 1225(b)(1). DE 6 at 9. Respondents additionally contend that Petitioner's detention does not violate the Fifth Amendment. *Id.* at 10–11. The Court finds merit to some, but not all, of Respondents' arguments.

## A. Jurisdiction

First and foremost, to the extent Petitioner challenges his removal order and seeks a stay of his removal, the Court lacks jurisdiction to hear such a challenge and grant such relief. *See Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1307 (S.D. Fla. 2018) ("[F]ederal law is clear: Congress did not intend for district courts to review removal orders. Accordingly, this Court declines Petitioner's invitation to . . . stay Petitioner's removal because such a ruling would run contrary to Congress's clear intent to preclude district courts from reviewing removal orders." (citation omitted)); *Morales v. Noem*, No. 25-62598-CIV, 2026 WL 444955, at *2 (S.D. Fla. Feb. 17, 2026) ("As this Court would be powerless to enjoin a decision or action to execute an existing removal order, it also cannot prospectively enjoin same in anticipation of its future existence."). Therefore, to the extent Respondents contend that the Court lacks jurisdiction to hear Petitioner's challenge of his removal order or to issue a stay of his removal, the Court agrees.[1]

Insofar as Respondents maintain that the Court lacks jurisdiction to entertain Petitioner's challenge to the legality of his detention, the Court is not persuaded. Respondents argue that Petitioner's detention arises from or relates to his expedited removal process, and thus Respondents assert that 8 U.S.C. § 1252(a)(2)(A)(i) precludes this Court from hearing Petitioner's

---

[1] The Court notes that Petitioner's appeal of his removal order automatically stayed the execution thereof. *See* 8 C.F.R. § 1003.6(a); *Silva v. United States*, 866 F.3d 938, 939 (8th Cir. 2017) ("An appeal automatically stays the execution of a removal order while the appeal is pending."); *see also Thamotar v. U.S. Att'y Gen.*, 1 F.4th 958, 967 (11th Cir. 2021) ("A removal order is 'final' when the BIA affirms an Immigration Judge's order of removal or when the time to appeal an Immigration Judge's decision has expired, whichever is earlier."). Therefore, even if the Court had jurisdiction to order a stay of Petitioner's removal pending his appeal, such an order would be unnecessary.

3

challenge to his detention. DE 6 at 5; *see also* 8 U.S.C. § 1252(a)(2)(A)(i) (providing that courts do not have jurisdiction to review "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title"). However, as explained below, Petitioner is not subject to detention under section 1225(b)(1), and his claims regarding the legality of his detention do not arise from an expedited removal order. Thus, 8 U.S.C. § 1252(a)(2)(A)(i) is inapplicable, and the Court has jurisdiction to consider Petitioner's challenge to the lawfulness of his detention. *See, e.g., Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *4 (S.D. Fla. Sept. 9, 2025) ("[A]s the Supreme Court has made clear, § 2241 confers jurisdiction upon the federal courts to hear challenges to the lawfulness of immigration-related detention." (quotation marks omitted)).

### B. Basis for Detention

Turning now to the basis of Petitioner's detention, Respondents are incorrect that Petitioner is currently detained pursuant to an expedited removal order and 8 U.S.C. § 1225(b)(1). As previously explained, DHS vacated Petitioner's expedited removal order and subsequently issued a Notice to Appear for Petitioner, charging him as "an alien present in the United States who has not been admitted or paroled" and placing him into standard removal proceedings under 8 U.S.C. § 1229a. DE 6-8. While Respondents contend that this did not change the basis for Petitioner's detention, they provide no authority to support their position. *See* DE 6 at 9 ("The fact that DHS has initiated new proceedings under 8 U.S.C. § 1229a following Petitioner's credible fear screening does not mean that he is no longer subject to detention under 8 U.S.C. § 1225(b)(1)."). And in fact, several courts around the country have ruled to the contrary, distinguishing between detention originally pursuant to an expedited removal order and detention pursuant to a subsequent notice to appear. *See Ceballo v. Parra*, No. 25-CV-25271-JB, 2025 WL 3481908, at *3 (S.D. Fla. Dec. 4, 2025) (rejecting an argument that a noncitizen originally placed in expedited removal

4

proceedings was lawfully detained without a bond under section 1225(b)(1) because the noncitizen was currently detained pursuant to a notice to appear that charged the noncitizen as being present without admission or parole); *Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 68 (D.N.H. 2025) ("§ 1225(b)(1) only mandates detention of noncitizens arriving in the United States during the pendency of expedited removal proceedings and the credible fear interview and review process. However, Jimenez is not in expedited removal proceedings. He is in standard removal proceedings under § 1229a before an immigration judge pursuant to the Notice to Appear issued in August 2023." (citation omitted)); *Cheema v. Chestnut*, No. 1:26-CV-01238-DJC-CSK, 2026 WL 861646, at *3 (E.D. Cal. Mar. 30, 2026) ("The Court concludes that § 1226(a) applies to petitioner. After petitioner was found to have a credible fear of persecution, petitioner was issued a Notice to Appear on March 29, 2018 placing him in standard removal proceedings under 8 U.S.C. § 1229a, rather than keeping him in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)."), *report and recommendation adopted sub nom. Cheema v. Chestnut, Warden of Det. Facility*, No. 1:26-CV-1238 DJC CSK, 2026 WL 947019 (E.D. Cal. Apr. 8, 2026).

Petitioner is currently in standard removal proceedings, not expedited removal proceedings. As such, the Court must evaluate the statutory basis for Petitioner's detention based on his latest Notice to Appear, which charges him as "an alien present in the United States who has not been admitted or paroled." DE 6-8; *see Ceballo*, 2025 WL 3481908, at *3 (analyzing the statutory basis of the petitioner's detention based on "the documentation pursuant to which [p]etitioner is *currently* detained"). Given this classification, Petitioner is currently detained pursuant to section 1226. *See Ceballo*, 2025 WL 3481908, at *3 (finding that the classification of the petitioner in a notice to appear as a noncitizen "present in the United States without admission or parole" put the petitioner "squarely within section 1226"); *see also Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *4 (S.D. Fla. Dec. 23, 2025) (collecting cases that have

determined that section 1226 governs the detention of noncitizens present in the United States without admission or parole), *report and recommendation adopted*, No. 25-62261-CV, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026). And since Petitioner is currently detained pursuant to section 1226, he is entitled to an individualized bond hearing before an immigration judge. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

### III. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART** Petitioner's Emergency Petition [DE 1]. Specifically, the Court recommends ordering Respondents to either afford Petitioner an individualized bond hearing within seven days or release him. The Court does not recommend ordering Plaintiff's immediate release because 8 U.S.C. § 1226(a) affords discretion as to whether a noncitizen is detained or released. *See* 8 U.S.C. § 1226(a)(1)–(2) (explaining that, pending a removal decision, the Attorney General may either continue to detain the noncitizen or release the noncitizen); 8 C.F.R. § 236.1(d)(1) ("[T]he immigration judge is authorized to exercise the authority. . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released . . . ."). Lastly, due to a lack of jurisdiction, the Court does not recommend enjoining Respondents from removing Petitioner from the United States pending his appeal.

Although a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), the circumstances of this matter warrant a shorter objection period. Within **seven (7) days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. The parties

are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 5th day of May, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE